*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

UNPUBLISHED
October 23, 2024
9:50 AM

*In re* PITTMAN/SANDERS, Minors.

No. 368452
Wayne Circuit Court
Family Division
LC No. 2023-000011-NA

Before: GADOLA, C.J., and O'BRIEN and MALDONADO, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating his parental rights to his minor children under MCL 712A.19b(3)(b)(*i*), (g), (j), (k)(*ii*), and (k)(*ix*). We affirm.

## I. FACTS

Respondent is the father of CMP, ECP, CTS, and MMH.[1] CS is the mother of CMP, ECP, and CTS, and BH is the mother of MMH. In December 2022, petitioner, the Department of Health and Human Services (DHHS), filed a petition seeking to terminate respondent's parental rights to CMP, ECP, and CTS, alleging that respondent sexually abused MMH in July 2022 by digitally penetrating her vagina, ostensibly to ascertain whether she was sexually active, after he found her speaking to a boy on the phone late at night. After a preliminary hearing, the trial court authorized the petition, and placed the three younger children with their mother, CS.

Following an adjudication and termination hearing, the trial court found a statutory basis to exercise jurisdiction over the children under MCL 712A.2(b) based on respondent's sexual abuse of MMH. The trial court also found that petitioner had presented clear and convincing evidence to support termination of respondent's parental rights under MCL 712A.19b(3)(b)(*i*), (g), (j), (k)(*ii*), and (k)(*ix*). After a further hearing, the trial court found that termination was in the

---

[1] MMH was not a child subject to the petition in this case.

children's best interests based upon respondent's sexual abuse of MMH and the risk of harm respondent posed to the children. The trial court entered an order terminating respondent's parental rights to the children. Respondent now appeals.

## II. DISCUSSION

### A. STATUTORY BASIS

Respondent contends that the trial court clearly erred by finding clear and convincing evidence to support any of the statutory bases for termination because no evidence was presented that he abused or neglected CMP, ECP, or CTS. Respondent argues that the trial court erroneously relied upon the doctrine of anticipatory neglect in speculating that respondent posed a risk of harm to the children. We disagree.

To terminate a parent's rights to his or her child, the trial court must find that a statutory basis warranting termination under MCL 712A.19b(3) has been established by clear and convincing evidence. *In re Jackisch/Stamm-Jackisch*, 340 Mich App 326, 333; 985 NW2d 912 (2022). We review for clear error the trial court's factual findings and its determination that a statutory basis for termination has been proven by clear and convincing evidence. *In re Keillor*, 325 Mich App 80, 85; 923 NW2d 617 (2018). The decision to terminate parental rights is clearly erroneous if "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003). We will not find a trial court's decision clearly erroneous unless it is more than possibly or probably incorrect. *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011). We give considerable deference to the trial court's dispositional orders, *In re Sanders*, 495 Mich 394, 406; 852 NW2d 524 (2014), and particularly to the trial court's opportunity to evaluate the credibility of the witnesses. MCR 2.613(C); *In re MJC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 365616); slip op at 9.

In this case, the trial court terminated respondent's parental rights under MCL 712A.19b(3)(b)(*i*), (g), (j), (k)(*ii*), and (k)(*ix*), which provide:

> (3) The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> * * *
>
> (b) The child or a sibling of the child has suffered physical injury or physical or sexual abuse under 1 or more of the following circumstances:
>
> (*i*) The parent's act caused the physical injury or sexual abuse and the court finds that there is a reasonable likelihood that the child will suffer from injury or abuse in the foreseeable future if placed in the parent's home.
>
> * * *
>
> (g) The parent, although, in the court's discretion, financially able to do so, fails to provide proper care or custody for the child and there is no reasonable expectation

-2-

that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

* * *

(j) There is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

(k) The parent abused the child or a sibling of the child, the abuse included 1 or more of the following, and there is a reasonable likelihood that the child will be harmed if returned to the care of the parent:

* * *

(*ii*) Criminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate.

* * *

(*ix*) Sexual abuse as that term is defined in Section 2 of the child protection law, 1975 PA 238, MCL 722.622. [MCL 712A.19b(3).]

A review of the record demonstrates that the trial court did not clearly err by finding that clear and convincing evidence supported termination of respondent's parental rights under MCL 712A.19b(3)(b)(*i*). Under that subsection, a trial court may terminate a parent's rights to a child if it finds by clear and convincing evidence that the parent sexually abused the child or a sibling of the child, and there is a reasonable likelihood that the child will suffer from abuse in the foreseeable future if placed in the parent's home. MCL 712A.19b(3)(b)(*i*). Here, the trial court found that respondent sexually abused MMH, a sibling of the children in this case. The record supports this finding. MMH testified that respondent penetrated her vagina with his finger for approximately 90 seconds, ostensibly to ascertain whether she was sexually active, after respondent found her talking to a boy on the phone late at night. Though respondent denied the allegation, the trial court found MMH to be credible, and we will not displace the trial court's credibility determination. See *In re HRC*, 286 Mich App 444, 460; 781 NW2d 105 (2009). The trial court thus did not clearly err by finding clear and convincing evidence that respondent sexually abused MMH, a sibling of the children.

The trial court further found that there is a reasonable likelihood, based upon respondent's sexual abuse of MMH, that the children will suffer abuse in the foreseeable future if placed in respondent's home. Respondent argues that no evidence was presented demonstrating that he abused or neglected CMP, ECP, or CTS, and that the trial court erred by applying the doctrine of anticipatory neglect. This argument is unpersuasive. The doctrine of anticipatory neglect recognizes that a parent's conduct toward one child is probative of how the parent may treat another child. *In re Christie*, 339 Mich App 1, 6; 981 NW2d 172 (2021). The doctrine of anticipatory neglect is sometimes considered in connection with a trial court assuming jurisdiction of a child under MCL 712A.2(b) to satisfy the parental conduct element of the statute. See, e.g.,

*In re Christie*, 339 Mich App at 6. The doctrine inherently acknowledges that there is no assertion that a detrimental act to the second child actually occurred. *Id.*

In this case, the trial court was determining whether termination of respondent's parental rights to the three younger children was warranted under MCL 712A.19b(3)(b)(*i*). A trial court may terminate a parent's rights to a child under that statutory subsection if the trial court finds by clear and convincing evidence that the parent sexually abused the child *or a sibling of the child*, and there is a reasonable likelihood that the child will suffer from abuse in the foreseeable future if placed in the parent's home. MCL 712A.19b(3)(b)(*i*). In other words, the trial court did not *choose* to employ the doctrine of anticipatory neglect under this subsection; rather, MCL 712A.19b(3)(b)(*i*) *directs* the trial court to anticipate whether a child who is a sibling of the sexually abused child is reasonably likely to suffer abuse in the foreseeable future if placed in the parent's home. Here, the trial court's finding that respondent sexually abused MMH was supported by the record evidence, and the trial court appropriately considered respondent's sexual abuse of MMH when determining that there was a reasonable likelihood that the other children would suffer from abuse in the foreseeable future if placed in respondent's home. Accordingly, respondent has not established that the trial court clearly erred by finding clear and convincing evidence to terminate respondent's parental rights under MCL 712A.19b(3)(b)(*i*).

A court need only find that one statutory basis has been established to support termination of parental rights under MCL 712A.19b(3). *In re Martin*, 316 Mich App 73, 90; 896 NW2d 452 (2016). We conclude, however, that the trial court did not err by finding that the same clear and convincing evidence also demonstrated that termination of respondent's parental rights under MCL 712A.19b(3)(j), (k)(*ii*), and (k)(*ix*) was warranted. The evidence supports the trial court's finding that respondent sexually abused a sibling of the children by criminal sexual conduct involving penetration warranting termination of his parental rights under subsections (k)(*ii*) and (*ix*). The evidence also supports the trial court's finding that respondent's abuse of MMH demonstrated that there is a reasonable likelihood, based on the conduct or capacity of respondent, that the children would be harmed if returned to his home.

## B. REASONABLE EFFORTS

Respondent contends that termination of his parental rights was premature because petitioner did not provide him with reunification services. We disagree.

The DHHS must make reasonable efforts to reunify a family before seeking to terminate parental rights, *In re Hicks/Brown*, 500 Mich 79, 85; 893 NW2d 637 (2017), except in cases involving aggravated circumstances, *In re Simonetta*, 340 Mich App 700, 707; 987 NW2d 919 (2022); MCL 712A.19a(2). We review the trial court's finding regarding reasonable efforts for clear error. *In re Sanborn*, 337 Mich App 252, 258; 976 NW2d 44 (2021).

Under MCL 712A.19a(2)(a) reasonable reunification efforts are not required if "[t]here is a judicial determination that the parent has subjected the child to aggravated circumstances as provided in section 18(1) and (2) of the child protection law, 1975 PA 238, MCL 722.638." See also *In re Rippy*, 330 Mich App 350, 358-359; 948 NW2d 131 (2019). MCL 722.638(1)(a)(*ii*) and (2) provide that the DHHS may seek termination at the initial disposition when the parent abused the child or a sibling of the child, and the abuse included criminal sexual conduct involving

penetration, attempted penetration, or assault with intent to penetrate. In this case, the trial court made findings amounting to a judicial determination that respondent subjected the children to aggravated circumstances as provided in MCL 722.638(1) and (2) by sexually abusing the children's sibling. See *In re Rippy*, 330 Mich App at 358-359. Accordingly, respondent was not entitled to reasonable reunification efforts.

## C. BEST INTERESTS

Respondent contends that the trial court clearly erred by finding that termination was in the children's best interests because the trial court failed to consider his parenting ability and also failed explicitly to consider the children's placement with their mother. We disagree.

When the trial court finds that the petitioner has established a statutory basis for termination, the trial court must terminate the parent's rights if a preponderance of the evidence demonstrates that termination is in the child's best interests. MCL 712A.19b(5); *In re Medina*, 317 Mich App 219, 236-237; 894 NW2d 653 (2016). We review the trial court's decision regarding a child's best interests for clear error. *In re Sanborn*, 337 Mich App at 276.

The child is the focus of the best-interests determination, not the parent. *In re Atchley*, 341 Mich App at 346. To determine whether termination of parental rights is in a child's best interests, the trial court must weigh the available evidence and consider a wide variety of factors, such as the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, the advantages of the foster home over the parent's home, the length of time the child was in care, the likelihood that the child could be returned to the parent's home in the foreseeable future, and the parent's compliance with the case service plan. See *In re Payne/Pumphrey/Fortson*, 311 Mich App 49, 63-64; 874 NW2d 205 (2015).

Our Supreme Court has held that a child's placement with a relative is an "explicit factor to consider" when determining whether termination is in a child's best interests. *In re Mason*, 486 Mich 142, 164; 782 NW2d 747 (2010). This Court has held that a trial court's failure "to explicitly address whether termination is appropriate in light of the children's placement with relatives renders the factual record inadequate to make a best-interest determination and requires reversal." *In re Olive/Metts Minors*, 297 Mich App 35, 43; 823 NW2d 144 (2012). Placement with a relative generally weighs against termination, although that fact alone is not determinative. *In re Atchley*, 341 Mich App 332, 347; 990 NW2d 685 (2022). MCL 712A.13a(j) was amended effective October 7, 2022, and now defines "relative" as a person who is at least 18 years of age and is "[r]elated to the child within the fifth degree by blood, marriage, or adoption . . . ," MCL 712A.13a(1)(j)(*i*), and thus the statute's definition of relative now includes a child's biological parent.

Although a trial court must consider a child's placement with a relative when determining the child's best interests in a child protective proceeding, there is no requirement that the trial court state particular words when issuing its findings; rather, it is sufficient if the trial court makes "[b]rief, definite, and pertinent findings and conclusions on contested matters." MCR 3.977(I)(1). More generally, a trial court's findings are sufficient "if it appears that the trial court was aware of the issues in the case and correctly applied the law, and where appellate review would not be

facilitated by requiring further explanation." *Ford Motor Co v Dep't of Treasury*, 313 Mich App 572, 589; 884 NW2d 587 (2015) (quotation marks and citation omitted).

In this case, the trial court was aware that the children were placed with their mother. The trial court's order terminating respondent's parental rights states, "The children remain with the mother and the case is dismissed," and two other sections of the order prominently state, "THE CASE IS DISMISSED. CHILDREN REMAIN WITH MOTHER." The trial court further explained that its finding that termination was in the best interests of the children was based upon the report of the evaluating clinician that concluded that the children were in danger of abuse from respondent if left in his care. The trial court reasoned that "we will never know if [respondent's] conduct of forcing [MMH's] legs open and putting his finger into the child's vagina for what the child described as 90 seconds was for his sexual gratification or some method of discipline. Either way, the behavior is so inappropriate and bizarre as to demonstrate that he would be a danger to any child in his care."

Our review of this issue would not be facilitated by a further statement by the trial court that it had considered the children's placement with the mother as a relative placement when concluding that termination was in the children's best interests. It is obvious from the trial court's termination order that it considered the fact the children were placed with their mother but nonetheless terminated respondent's parental rights, having concluded that he could not safely parent any of his children. We similarly disagree that the trial court failed to consider respondent's parenting ability; the trial court determined that respondent's parenting decision regarding MMH was so inappropriate and bizarre as to render his parenting dangerous to his children. We are not left with a definite and firm conviction that the trial court made a mistake when it found that termination of respondent's parental rights was in the best interests of the children.

Affirmed.

/s/ Michael F. Gadola
/s/ Colleen A. O'Brien